# UNITED STATES DISTRICT COURT
for the
Eastern District of California

| United States of America | ) | |
|---|---|---|
| v. | ) | |
|  | ) | Case No. 1:16-mj-00093-SAB |
|  | ) | |
|  | ) | |
|  | ) | |
| CHAD CHRISTOPHER BROWNING | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __August 19, 2016__ in the county of __Fresno__ in the __Eastern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC § 111(a)(1) | Assaulting a Federal Officer Engaged in the Performance of His Duties (misdemeanor) |

This criminal complaint is based on these facts:

(see attachment)

☒ Continued on the attached sheet.

*Complainant's signature*

Joseph S. Torres, Lt. VA Police Department
*Printed name and title*

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim. P. 4.1 and 4(d).

Date: **Aug 20, 2016**

*Judge's signature*

City and state: Fresno, CA

Stanley A. Boone, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Joseph Torres, being duly sworn, do hereby declare and state:

I am a federal police officer for the Department of Veterans Affairs Police Department (VAPD), with the assignment of Detective, and have been so employed since January 2011. During this time, I completed an eight week training academy at the Law Enforcement Training Center (LETC) in Little Rock, Arkansas, as well as several other LETC courses. This training included the investigation of violations of Title 18, United States Code, Section 111(a). In addition, I have received special training in investigating violent crimes, including assault, at the California P.O.S.T. Academy, Military Police Investigator Course, and Fresno Police Department Detectives Course. I have participated in investigations involving violent crime as a Military Police Investigator, Patrol Officer, Patrol Supervisor, and in my current assignment as a Detective. Based on my experience and the training, I am providing the following facts.

This affidavit is made to support a complaint charging **Chad Christopher BROWNING** with assaulting, resisting, and impeding federal police officers within the Eastern District of California, in violation of Title 18 United States Code, Section 111(a)(1).

I learned the following information from interviewing federal police officer George Moore: Officer Moore was an employee of the United States government performing official duties as a police officer on 8/19/2016 at approximately 1343 hours, when he was dispatched to the emergency department entrance of the Veterans Affairs (VA) Hospital, 2615 E. Clinton Ave., Fresno, CA, in response to a "code blue" (medical emergency) notification. Officer Moore was wearing a Veterans Affairs Police Department uniform that clearly identified him as a police officer. When Moore approached the entrance, he felt a liquid splash onto his face. Moore saw a subject, later identified as **Chad Christopher BROWNING** through self-identification, indicia located in **BROWNING's** possession, and known tattoo information obtained from the Fresno Police Department Records Management System. **BROWNING** was holding Moore's water bottle, which was previously attached to Moore's patrol bicycle. Moore noticed that **BROWNING** had a small amount of blood on his face, leading Moore to believe the code-blue was initiated for **BROWNING**. Moore asked **BROWNING** if he was ok and why he was bleeding. **BROWNING** responded by asking Moore if he knew "Savannah."

Affidavit

When Moore asked **BROWNING** who Savannah was, **BROWNING** replied, "hello." Moore then asked **BROWNING** if he knew where he was and **BROWNING** replied, "I work here." When Moore asked **BROWNING** a follow up question, **BROWNING** replied, "I work here at Valley Children's." It was apparent to Moore that **BROWNING** was confused. Medical staff then escorted **BROWNING** into the emergency department for evaluation.

During the triage process, **BROWNING's** behavior was erratic. When Nurse Charles Francis asked **BROWNING** his name and birthday, **BROWNING** responded with multiple names and stated he did not know his birthday. Francis asked **BROWNING** if he was feeling any pain. **BROWNING** did not answer, immediately stood up, and then stated he needed to leave. Officer Moore, out of concern for **BROWNING's** safety, told **BROWNING** that he should sit back down and allow medical staff to evaluate him. **BROWNING** ignored Moore, walked towards Moore, and then shoved Moore on his right shoulder with his hand. More raised his right arm up in an attempted to prevent **BROWNING** from leaving. **BROWNING** then grabbed Moore's arm. Moore pulled his arm away and allowed **BROWNING** to walk out of the area. Moore was concerned that if he tried to take **BROWNING** into custody in the confined area they were in with multiple staff members and patients around, someone may become injured.

**BROWNING** walked out of the Emergency Department while Moore followed him and requested additional officers to assist. **BROWNING** walked outside to the Emergency Department ambulance ramp, at which time Officer Michael Woodard and Captain Ryan Bargas arrived. Moore gave **BROWNING** commands to stop and return to the Emergency Department. **BROWNING** did not comply with Moore's orders and stated that he was going to leave the hospital. Moore, Woodard, and Bargas circled around **BROWNING** in an attempt to prevent **BROWNING** from escaping. Moore continued to give **BROWNING** commands to stop and return to the Emergency Department. As Moore, Bargas, and Woodard moved closer to **BROWNING**, **BROWNING** turned and ran back towards the emergency department entrance. Moore feared that **BROWNING** may harm someone inside of the hospital and that **BROWNING** may escape custody, so Moore, along with Woodard and Bargas, pursued **BROWNING** into the emergency department entrance.

The following is a narrative of my personal observation:

On 8/19/2016, at approximately 1350 hours, I heard a broadcast over the police radio system from Moore requesting help in the emergency department. As Deputy Chief Weyant and I approached the emergency entrance, I saw **BROWNING** running towards me with Woodard, Moore, and Bargas running behind **BROWNING**. With the assistance of all officers, **BROWNING** was pushed to the ground. Several officers, including myself, shouted at **BROWNING** to stop resisting and show his hands; however, **BROWNING** kept his hands under his stomach and refused to follow the directions of officers. After a struggle, the officers were able to place **BROWNING** in handcuffs then move him into the emergency department for evaluation. **BROWNING** was evaluated by Dr. James Lindsay, who later discharged **BROWNING** with the diagnosis of "cocaine intoxication." None of the parties involved in this incident, including **BROWNING**, reported any injuries.

Based upon the forgoing, I believe that there is probable cause to believe that **Chad Christopher BROWNING** forcibly assaulted, resisted, and impeded a federal employee, who was engaged in the performance of his official duties, in violation of Title 18, United States Code, Section 111(a)(1).

_____ #1310
Joseph Torres
Detective, VAPD

Approved as to content and form:

/s/ Laurel J. Montoya
Laurel J. Montoya
Assistant U.S. Attorney

Affidavit submitted by email/pdf and attested to me as true and accurate by telephone consistent with Fed.R.Crim. 4.1 and 4(d) before me this  20th  day of August, 2016.

_____
Hon. Stanley A. Boone
U.S. Magistrate Judge

COMPLAINT AFFIDAVIT                                       3